## LEACH v. MOORE.

### Opinion delivered April 22, 1893.

1. *Laches—Not excusable, when.*

   A bill for accounting of property alleged to have been assigned to defendant for plaintiff's benefit, not brought until seventeen years after plaintiff was informed of the assignment, is barred by lapse of time, where defendant, with plaintiff's knowledge, openly disclaimed the trust during the entire time, notwithstanding plaintiff was not fully apprised of the facts in reference to the assignment of the property until one year before she sued.

2. *Confidential relation—Evidence held not to establish.*

   The fact that defendant was nephew of plaintiff's deceased husband and guardian of her children is not sufficient to establish such a relation of trust and confidence as would prevent the statute of limitations from running against her if he was not her business adviser, and she never relied upon him in the conduct of her affairs.

Appeal from Phillips Circuit Court in Chancery.

GRANT GREEN, JR., Judge.

On the 11th of October, 1890, Mrs. Laura M. Leach sued John P. Moore, the complaint alleging in substance,

but with much detail, that, in the year 1868, her brother-in-law, W. Dorsey Rice, of the firm of Rice & Engel, doing business at Memphis, Tenn., was indebted to her in the sum of $7000; that, between September, 1868, and May, 1869, the firm of Rice & Engel, being insolvent, turned over to defendant a stock of goods, of the value of $50,000, to secure, among other claims, the above indebtedness of Rice to plaintiff, and that in 1868 Rice assigned to defendant and one L. Cage a certain decree in his favor against one Thomas Pearce for the sum of $13,-693.85; that one-half of said decree was assigned to defendant for the special purpose of securing plaintiff for the debt due from Rice to plaintiff; that plaintiff was never informed of the provision made by Rice, and the firm of Rice & Engel, for the payment of her debt until within the last one or two years; that defendant had fraudulently concealed the facts from her; that defendant had realized large sums from the sale of the stock of goods, and from the decree above mentioned, but had never paid plaintiff anything upon her said debt; that plaintiff holds a judgment against Rice for the above debt, amounting, with interest, to the sum of $12,419.48. The prayer of the complaint was that defendant be required to disclose the amount realized from the property turned over to him to pay her claim against Rice, and that she have judgment accordingly.

The answer denied that the goods mentioned were delivered, or the decree assigned, to defendant in trust for the benefit of plaintiff.

Upon evidence which is sufficiently stated in the opinion, the trial court found the facts as follows: "That the testimony in the case does not establish that any goods or other property were delivered to defendant in trust for plaintiff, nor that any interest in and to a certain decree in the Phillips circuit court in favor of W. D. Rice and against one Thomas Pearce, was assigned

to defendant upon a trust for the use and benefit of plaintiff, and further, that as the plaintiff has had, since 1873, knowledge sufficient, if reasonably pursued, to enable her to ascertain all that is now disclosed in the testimony in the cause, her claim is stale and barred, as it does not appear that there at any time existed confidential relations between plaintiff and defendant."

Judgment was accordingly rendered for defendant, from which plaintiff has appealed.

*P. O. Thweatt* and *W. S. McCain* for appellant.

Defendant was trustee of an express trust, and bound to the utmost good faith, and any breach of duty or concealment was a fraud. 1 Story, Eq. sec. 187 ; 130 U. S. 128. The statute of limitations does not run against an express trust. 22 Ark. 1 ; 19 *id.* 650 ; 22 *id.* 453 ; 23 *id.* 362 ; 18 *id.* 496. There must be an open denial or repudiation brought home to the knowledge of the party in interest to put the statute in motion. 46 Ark. 34 ; 5 Johns. Chy. 522, 3 *id.* 190. Where the existence of the trust is concealed from the party by the trustee, the statute does not run. Perry on Trusts, 228, 230, 861, 867 ; 2 Story, Eq. 1521 and note 3 ; 4 How. 561 ; 7 *id.* 826–829 ; Angell on Lim. 187–8 and note 470 ; Wood on Lim. 274–6 ; 22 Am. Dec. 293. The burden of proving knowledge of the fraud so as to let in the statute of limitations is on defendant. 60 Am. Dec. 115 ; 87 *id.* 146 ; 160 *et seq.* and notes ; 84 *id.* 582 ; 2 Wall. 87 ; 1 Daniell, Ch. Pl. & Pr. sec. 645 and notes, and sec. 655. Each case must be governed by the circumstances surrounding it—no general rule can be made to apply to laches and state claim. Courts are not confined to the statutory period. 21 N. W. 635 ; 51 Am. Dec. 580 ; 26 Pac. 569 ; 24 Atl. 318.

*James P. Clarke* and *Rose, Hemingway & Rose* for appellee.

The appellant is barred. There is no exception in our statute in cases of concealed fraud. The statute of 21 James I, is not in force in this State. Where the statute makes no exception, the courts can make none. 6 Ark. 14 ; 20 *id.* 18 ; 53 *id.* 421. But, to bring it within the rule, it is not sufficient that some particular matter of evidence or detail was concealed, but the cause of action itself must be concealed. Mere silence is not enough—it must be something to prevent discovery. 43 Iowa, 556 ; 4 Cush. 208 ; 101 U. S. 135 ; 36 Ind. 445. The evidence shows conclusively that plaintiff was advised of her rights in 1870. 16 Ark. 671 ; 7 Johns. Chy. 112. Mere ignorance of one's rights does not prevent the operation of the statute. 17 Gratt. 321 ; 20 Iowa, 382 ; 26 Conn. 324 ; 31 Ala. 115 ; 2 Jones, Eq. 430. This is in no sense an express trust—it does not differ from an ordinary consignment of goods to a factor for sale. 2 How. 202 ; 111 U. S. 676 ; 20 S. W. Rep. 517 ; 60 Ga. 449 ; 32 N. W. Rep. 74 ; 8 S. E. 190 ; 28 Fed. Rep. 275 ; 136 U. S. 386 ; 40 Fed. Rep. 780 ; 95 U. S. 160. Plaintiff made a demand in 1870 on defendant to carry out the trust, and he positively denied and repudiated it. This certainly put the statute in motion. 20 Ark. 375 ; 46 *id.* 25 ; 48 *id.* 250 ; Perry, Trusts, sec. 864. But if no demand was made, yet after she was advised of her rights, or could have ascertained them by the use of proper diligence, she was bound to make demand within a reasonable time, failing in which the statute would begin its course. 29 Ark. 99. See as to laches, 55 Ark. 85 ; Wood, Lim. sec. 275.

**1. When delay in bringing suit not excusable.**      COCKRILL, C. J. It is difficult to ascertain where the truth lies in the conflicting statements of the witnesses, and the contradicting circumstances evinced by the conduct of some of them, in reference to the purpose for which the assignment of an interest in the Pearce decree was made to Moore. It is not of practical im-

portance now because if the appellant's theory about the facts is correct, her remedy has been lost by lapse of time. The decree was assigned in 1869 ; the appellee has always refused to account because he claimed that the fruits of the decree belonged to him, and the appellant's suit was not instituted until 1890. Conceding that the assignment was made to Moore for the purpose of raising a fund to pay the appellant's debt, her suit is barred. She was distinctly apprised by Rice in 1870, or in 1873, that he had assigned property to Moore in trust for her benefit. The witnesses vary between the dates mentioned as to the time of Rice's communication to her, but there is no controversy about the main fact. The appellant herself recounts it in her testimony. A few days after the information was imparted to her by Rice, she told Moore of it, and was informed by him that Rice had assigned property to him, but that the assignment was made to pay debts due to him and was not for her benefit. She waited 17 or 20 years thereafter to bring suit to compel an accounting. Her excuse for the delay is that she was not *fully* apprised of the facts in reference to the assignment of property for her benefit until one year before she sued. She argues that the facts were fraudulently concealed from her by Moore, and that the statute did not run against her on that account. A complete answer is that it was not necessary that she should know the details of the evidence by which she expected to establish the fact that the assignment was in trust for her. It was enough that she was apprised that a cause of action existed in her favor. "When a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim, or instituting such proceedings as the law regards sufficient to preserve it." *Amy* v. *Watertown* (No. 2), 130 U. S. 320.

2. As to
confidential
relationship.

Rice informed the appellant of facts which apprised her that she had a cause of action in 1870 or 1873, and she had only to follow up that lead by making inquiry of him, to ascertain all she claims to know now. Shortly after receiving the information, she brought suit against Rice to collect the debt which is the basis of her present suit, without soliciting further information about the security which Rice had told her Moore held to pay it. It was not enough that she disbelieved Rice's statement made in 1870 or 1873 to the effect that Moore held security for her, unless, perhaps, she could show that her disbelief was brought about by a fraud practiced by Moore to accomplish that result. If that showing would excuse her non-action, in the face of the fact that she was apprised of the existence of her cause of action and knew that Moore openly disclaimed the trust, it could be only upon the ground that she stood in a relation of trust and confidence toward, or of dependence on, Moore, which enabled him to overreach her. Counsel have labored to establish such a relation. It is shown that Moore was her deceased husband's nephew and the guardian of her children. But neither of these facts is sufficient to establish the relation. Moreover, it is shown that Moore assumed the guardianship of the children as a part of a business arrangement entered into by him with Rice. The latter had been their guardian, and Moore was one of the sureties on his bond; Rice resigned the trust, admitting that he was indebted to his wards in a large sum; when it was agreed between them that Moore should assume the liability and pay it off from the proceeds of a stock of goods which Rice & Engle assigned to him, as the witnesses agree, for that purpose among others, or, perhaps, as Moore insists, from the proceeds of the Pearce decree. It does not appear that Moore performed any duty as guardian, except to discharge his predecessor's delinquency according to their contract.

Moore was not Mrs. Leach's business adviser, and it is not shown that she ever relied upon him in the conduct of her affairs. The facts did not establish a relation between them that would make Moore's simple denial of the trust such a fraud as would stop the running of the statute.

The judgment must be affirmed.

NOTE.—In discussing the question when the concealment of fraud will excuse laches, the Supreme Court of the United States announced the following doctrine :

" A wide and careful survey of the authorities leads to these results :

" The fraud and deceit which enable the offender to do the wrong may precede its perpetration. The length of time is not material, provided there is the relation of design and its consummation.

" Concealment by mere silence is not enough. There must be some trick or contrivance intended to exclude suspicion and prevent inquiry.

" There must be reasonable diligence ; and the means of knowledge are the same thing in effect as knowledge itself.

" The circumstances of the discovery must be fully stated (pleaded) and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence."

*Wood* v. *Carpenter*, 101 U. S. 135.   (Rep.)