RICHARD L. DRYER, Administrator, Appellant, v. CHICAGO & ALTON RAILWAY COMPANY, Respondent.

Kansas City Court of Appeals, May 19, 1913.

1. MASTER AND SERVANT: Negligence: Limitations: Fraudulent Concealment. The statute of Illinois gave an action for death of a husband, to the "widow and next of kin," to be recovered by the administrator, *provided* the action was brought in two years. If a cause of action was fraudulently concealed from the party entitled to it, the statute permitted it to be brought within five years after discovering the fraud. An employee of a railway company was killed by the company's cars in the State of Illinois about 25 years before an action therefor was brought in Missouri. The petition charged, as a reason for not bringing the action sooner, that the railway company's officers informed the widow that her husband had been killed by its cars while in its service, but denied any liability to an action on the ground of his contributory negligence. It was *held* that such statement by the officers of the railway was not a fraudulent concealment of the cause of action in the sense of the statute.

Dryer v. Railroad.

2. ——: ——: ——: ——: **Special Limitation.** In Missouri the general Statute of Limitations exempting its application to causes of action which have been fraudulently concealed from the party entitled to it, does not apply to causes of action which have a special limitation applicable to them.

3. ——: ——: ——: **Administrator: Widow: Concealment.** Where a statute requires an action for death caused by the negligence of another, to be brought by the administrator of the deceased, but the sum recovered is for the "exclusive benefit of the widow and next of kin;" the fraudulent concealment of the cause of action may be had by concealing it from the widow or next of kin, though there is no administrator.

4. ——: ——: ——: **Diligence: Petition: Demurrer.** In order that one may take advantage of the statute as to fraudulent concealment of a cause of action otherwise barred by limitation, he should use all reasonable diligence to discover the facts of his case, and a petition which fails to allege such diligence, is defective and demurrable. And mere denial of liability is not a fraudulent concealment in the sense of the statute.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich,* Judge.

AFFIRMED.

*Ed. E. Aleshire* for appellant.

*Scarritt, Scarritt, Jones & Miller* for respondent.

ELLISON, P. J.—This action was disposed of in the circuit court on a demurrer based on the ground that a cause of action was not stated in the petition. The demurrer being sustained, plaintiff refused to plead further and appealed.

The facts stated are that one John J. Dryer was an employee of defendant in the State of Illinois as a brakeman on one of its freight trains and that he was killed in that State on the 19th day of December, 1887, through defendant's negligence. He left plaintiff surviving him, who, at that time, was an infant six months old, and plaintiff's mother. That defendant fraudulently induced the mother to settle her claim for dam-

ages for three hundred dollars. Three sections of the statutes of Illinois are pleaded. The first provides for the survival of a cause of action for the death of one through the negligence of another. The second provides that the action shall be brought in the name of the personal representative, for the benefit of the widow and next of kin and fixing the damages not exceeding the sum of five thousand dollars; with this proviso, viz.: "Provided, that every such action shall be commenced in two years after the death of such person." The third section is as follows: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action and not afterwards."

So as to connect with the statute just quoted, it is charged:

"That soon after the said John J. Dryer was killed, the said defendant railroad company through its officers and agents concealed from plaintiff and said Nora E. McCaull the cause for the action which then existed against defendant and falsely and fraudulently represented to said Nora E. McCaull that there was no liability on its part on account of the death of the said John J. Dryer; that it had in no manner been negligent and that the said John J. Dryer well know of the condition of said cars and that he had placed the cars on said track and that his death was caused by his own negligence."

It is then charged that: "Neither the said Nora E. McCaull nor himself learned until a short time before the bringing of this suit that said defendant railroad company had so concealed the cause of said action and misrepresented to the said Nora E. McCaull the actual conditions and her right to recover from said defendant company; that said settlement was in-

duced by the false and fraudulent representations of said defendant railroad company, all of which were relied on by said Nora E. McCaull and found only a short time ago to be false and wholly untrue. That soon after plaintiff learned of the actual conditions of his said father's estate and settlement he was duly appointed the administrator of said estate; that no settlement nor pretended settlement was made by said railroad company on his account as such minor.''

It is then alleged that the three hundred dollars received in settlement had been tendered back to defendant and refused.

It will be observed that the Illinois statute giving the right of action does so on condition that it be instituted within two years of its accrual; and that, for causes of action fraudulently concealed from the party entitled to it, five years are given after the fraud is discovered.

If the action had arisen in this State the special Statute of Limitations for such actions appearing to be absolutely limited to two years by the second of the statutes above referred to, the extension of time for fraudulent concealment in our general Statute of Limitations would not apply (Gerren v. Railway Co., 60 Mo. 405; Revelle v. Railroad, 74 Mo. 438) since our statute provides that it shall not apply to special periods. [Sec. 1907, R. S. 1909.] The petition is silent as to the statutes of Illinois in this respect; and we are left to determine whether under the allegations it does contain, there was a fraudulent concealment of plaintiff's cause of action within the meaning of the law.

The statute of Illinois requires that the concealment of the cause of action must be ''from the knowledge of the person entitled thereto.'' And by the other statutes pleaded that person is the administrator, and no concealment was made from the administrator. But at the same time, the statute provides that the sum recovered by such administrator ''shall be

for the exclusive benefit of the widow and next of kin''
of the deceased. So we therefore conclude that a
concealment from the widow or next of kin would be
within the spirit and meaning of the statute.

Now, what was the concealment in this case as
set out in the petition? It was not that of deceased's
death, nor was it that he was killed through defend-
ant's agency. His death was known and the petition
alleges that defendant's fraud consisted only in de-
fendant's officers telling the widow that there was no
liability against defendant because it had not been
negligent and that her husband's death had been
caused by his contributory negligence. If defendant
had concealed that the deceased had been killed; or
that he was in its employ; or that he was killed while
in such employ, a quite different case would be pre-
sented. All that we can see that defendant did was
that after telling or admitting deceased was killed by
its cars, while in its employ, it disclaimed liability.
The matter was open for investigation by anyone con-
cerned. The upshot of plaintiff's position is that any
wilful denial of liability for a known occurrence is a
concealment of the cause of action arising on such oc-
currence. If the maker of a promissory note assigned
after due, should state to the assignee that it had been
wrongfully obtained from him by the payee and that
he did not owe it and would not pay it, would it be
said that there was a concealment of a cause of action
in the meaning of the statute?

Judging from the briefs, authority on plaintiff's
proposition is scarce. Defendant, however, has cited
us to one which is strikingly like the present case in
its facts, and in which it was held that the railway
company, the death being known to have resulted
through its agency, was not concealing the cause of
action when it concealed its negligence, one of the in-
gredients therein. [McBride v. Railway, 97 Iowa,
91.]

But there is another all-sufficient reason for upholding the judgment of the trial court. There is no averment in the petition of diligence to ascertain the true cause of deceased's death—whether it was, in truth, as stated by defendant, not caused by its negligence. There is no fraudulent concealment, in the sense of the statute, where reasonable diligence will discover the truth. [State ex rel. v. Yates, 231 Mo. 276; Johnson v. United Railways, 243 Mo. 278; State ex rel. v. Hawkins, 103 Mo. App. 251.] And where the action is made to depend upon the case made by the petition, diligence must be pleaded. [Cases just cited; and Wood v. Carpenter, 101 U. S. 135; Murray v. Railroad, 92 Fed. 868.]

What could have been more natural and prudent than that deceased's widow should have made inquiry and learned the true cause of his death? What could have been greater neglect and more unnatural than that they should have accepted the interested statement of strangers that they were not at fault?

The judgment is affirmed. All concur.