TEXAS RICE LAND CO. v. McFADDIN, WIESS & KYLE LAND CO. et al. (No. 577–4041.)

(Commission of Appeals of Texas, Section A. Nov. 12, 1924.)

1. Limitation of actions ⬛97(2) — Evidence held insufficient to show diligence in discovering parties in possession of land.

Evidence *held* insufficient to show proper diligence on part of plaintiff and its predecessors to discover who was in possession of land and liable for rentals, which were sought to be recovered.

2. Limitation of actions ⬛195(5)—Plaintiffs held required to affirmatively show inability to determine parties responsible to excuse delay in bringing suit.

Assuming that concealment, by one withholding possession of land, of the fact that he was holding for partnership would excuse delay in bringing suit, plaintiffs, alleging such fact as grounds for delay beyond statutory period, would have burden of proving, not only diligence to discover facts of possession, but of inability from means and opportunities at hand to discover fact of possession by partnership.

3. Trespass ⬛37—Person committing trespass primarily liable to suit.

One committing trespass is primarily liable, and party having cause of action therefor need not inquire further, but may proceed against such person, who to avoid liability must allege and prove facts placing responsibility elsewhere.

4. Partnership ⬛161—One committing trespass for partnership primarily liable may be sued individually.

One who for a partnership wrongfully withholds land of another is primarily liable in trespass, and may be sued individually, and to avoid personal liability must disclose facts.

5. Judgment ⬛630—Judgment in favor of partnership held bar to action against him and other partners.

Judgment in action for trespass by partner, favorable to him, is res judicata in subsequent action against partnership, though in original action it was not alleged that he had committed the trespass as member of partnership.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Texas Rice Land Company against the McFaddin, Wiess & Kyle Land Company and others. Judgment for plaintiff was reversed by the Court of Civil Appeals (253 S. W. 916), and plaintiff brings error. Judgment of Court of Civil Appeals affirmed.

E. E. Easterling and Orgain & Carroll, all of Beaumont, for plaintiff in error.

E. L. Nall, Oliver J. Todd, and C. W. Howth, all of Beaumont, for defendants in error.

GERMAN, P. J. The Texas Rice Land Company, herein designated plaintiff, instituted this suit in the district court of Jefferson county. Tex., January 3, 1916. The case went to trial against W. P. H. McFaddin, W. W. Kyle, P. H. Wiess, and Mrs. Ruth Branham, who will be designated herein as defendants. The purpose of the suit was to recover the rental value, for the years 1901, 1902, and 1903, of 440 acres of land in Jefferson county, being an undivided interest in the David Cunningham survey The claim by plaintiff was that for those years the possession of said land was wrongfully withheld from its predecessor in title, the American Oil & Refining Company, by the McFaddin, Wiess & Kyle Land Company, a partnership composed of W. P. H. McFaddin, V. Wiess, and W. W. Kyle. Judgment was rendered in the trial court in favor of plaintiff for the sum of $83,212.60. This judgment was reversed by the Court of Civil Appeals for the Ninth District, and judgment was rendered in favor of the defendants. The opinion was written by Special Chief Justice Foster, and is to be found in 253 S. W., pages 916 to 929. The opinion is not only an able one, but contains an accurate and faithful statement of the facts and an illuminating discussion of the law applicable to the questions involved. We have carefully reviewed the propositions presented by plaintiff in error, as well as the evidence and the law applicable, and are thoroughly convinced that the result reached by the Court of Civil Appeals is correct, and after a thorough discussion of the case with the Supreme Court we are authorized to state that the court is in accord with us in this conclusion. Without lending approval to each and all of the propositions of law set forth in the opinion of the Court of Civil Appeals, yet the decision of the case, as to result, can be very satisfactorily rested upon the opinion of that court, and we will only briefly state reasons for concurring therein.

In January, 1901, W. P H. McFaddin took possession of the Cunningham survey of land, and asserted title thereto in his own name as against the Chaison heirs, under whom plaintiff claims. In February following Charles J. Chaison and the other Chaison heirs filed suit against McFaddin to recover title and possession of said land, being styled Chaison v. McFaddin, No. 2694. On January 2, 1904, the American Oil & Refining Company, having acquired the interest and right of the Chaison heirs, intervened in this suit, and in addition to suing for the land sought to recover of W. P. H. McFaddin and others rentals for the years 1901, 1902, and 1903. Charles J. Chaison was the president and practically the sole owner of the American Oil & Refining Company. November 17, 1911, the Texas Rice Land Company, plaintiff herein, as owner of all the title and rights of the Chaison heirs and of the American Oil & Refining Company, intervened in this suit, and sued to recover of W. P. H. McFaddin rentals for the years 1901, 1902, and 1903, as well as for other years. In all of these pleadings the original trespass and ouster is alleged to have been by McFaddin.

There were two trials of this case, the first in 1909 and the other in 1912. In each of these trials W. P. H. McFaddin testified that from January 14, 1901, to July of that year he claimed possession of the land under the deed to a one-half interest therein made to him by the Hyde heirs. This one-half interest in the survey has never been owned by the plaintiff. He further testified that from July, 1901, through the years 1902, 1903, and 1904, the possession of the land was held by him as the representative of and for the McFaddin-Wiess Canal & Irrigation Company under written leases from the Glieses heirs, whose title the plaintiff now holds, having been recovered by it from the Glieses heirs, under a claim of limitations, by judgment of March 4, 1912, in said cause No. 2694. The Court of Civil Appeals in its opinion in said case of Chaison et al. v. McFaddin et al., reported in 159 S. W 69, finds that the undisputed testimony established the facts of possession as testified to by McFaddin. It was therefore held in that case (in accordance with instructions of the trial court and verdict of the jury) that plaintiff herein, Texas Rice Land Company, was not entitled to recover anything for rentals as against McFaddin, for the reason that any cause of action for possession prior to July, 1901, was barred by limitations, and for the further reason that McFaddin was not individually liable for rentals for the remainder of the year 1901, and for 1902 and 1903, because during that period the possession was that of the McFaddin-Wiess Canal & Irrigation Company, a corporation.

In the present suit defendants pleaded the statute of limitations, and also contended that plaintiff's right to recover rentals for the years 1901, 1902, and 1903 had been litigated and determined adversely to it by the judgment of March 4, 1912. To avoid the plea of limitations, the plaintiff makes the following contentions:

(1) That for the years 1901, 1902, and 1903 possession of the land in controversy was held by the partnership of McFaddin, Wiess & Kyle Land Company, and not by W. P. H. McFaddin individually.

(2) That, by fraudulent and deceitful conduct on the part of the partnership of McFaddin, Wiess & Kyle Land Company, the fact of the possession of the land for the year mentioned by the partnership, instead of by McFaddin individually and by the corporation, was kept concealed from plaintiff, and it did not discover that the possession was really held by the partnership until less than two years prior to the filing of this suit.

[1] In response to special issues, the jury found that the partnership of McFaddin, Wiess & Kyle Land Company held possession

of the land in controversy for the years 1901, 1902, and 1903. They further found that said partnership fraudulently concealed from plaintiff and its predecessors in title the fact that they held possession of the land during such time, and that, by reason of such fraudulent concealment, the plaintiff did not learn of the possession by the partnership until less than two years before the filing of the suit. They also answered that the plaintiff and its predecessors in title exercised ordinary diligence to discover who was in possession of the land for the years named. The Court of Civil Appeals has held that—

"The evidence is legally insufficient to show reasonable diligence on the part of appellee [plaintiff] to discover its cause of action against the partnership or the members as partners."

With this holding we agree. For the purposes of this case we may assume that it is the rule in this state that the fraudulent concealment of a cause of action, although the cause of action itself is not based upon fraud, will be sufficient to prevent the running of limitation until the fact of the existence of the cause of action is discovered, or by the use of diligence could have been discovered. We may also assume that the fraudulent concealment of the fact as to who is the real party against whom action must be brought amounts to a fraudulent concealment of the cause of action.

[2] In the present instance there is no contention that the cause of action itself originated in fraud. It is based solely upon a trespass and the wrongful conduct of the parties in withholding possession of the land from plaintiff's predecessors. The cause of action was complete, and unquestionably came into existence when McFaddin took physical possession of the land in January, 1901, and by threats of violence kept the other parties from possession. Every act of the possession and eviction was open, visible, and notorious, and admittedly well-known to the Chaisons. It cannot therefore be said that the cause of action was concealed, and it is only claimed that possession by the partnership was concealed, and plaintiff was thereby deprived of its right to proceed against the partnership. In view of the fact that the trespass was known to plaintiff's predecessors, and more than 15 years elapsed before suit was instituted against the members of the partnership as such, we think it should be held that plaintiff was not only required to allege and prove diligence upon its part to discover the facts of possession, but to affirmatively show that it could not have discovered the fact of possession by the partnership by the use of the means and opportunities at hand.

[3, 4] It is fundamental law that the person who commits a trespass or is guilty of a tortious wrong is the person primarily liable therefor. A party having cause of action for such need inquire no further, but may proceed at once against the person so offending. To avoid liability, the party ostensibly guilty of the wrong must allege and prove facts which would place the responsibility elsewhere. Admitting that the trespass in this instance was by the partnership, then W. P. H. McFaddin, as a member of such partnership, and as the active agent, was individually liable therefor, and the aggrieved parties had the right to proceed against him individually, without joining the partnership or either of the other parties. If the wrong was not his own, then it was incumbent upon him to disclose facts showing why he was not liable. Fowler Commission Co. v. Charles Land & Co. (Tex. Com. App.) 248 S. W. 314.

Suit was promptly instituted against McFaddin, but there is absolutely no reason shown why the action was not prosecuted against him, and why he was not required to disclose the facts of his possession before the period of limitation had run. In addition no reason is shown why the Chaisons could not, by injunction, or possibly by sequestration proceedings, have promptly and effectively stopped the trespass and restored possession to themselves. This would no doubt immediately have brought to light all facts with reference to the possession held by McFaddin. Furthermore, no action for rents was instituted until January 2, 1904, after limitation had run as to rents for the year 1901. Again, in the trial of the case of Chaison v. McFaddin in 1909, McFaddin testified that possession was being held by the corporation, under written leases with the Glieses heirs, and the leases were offered in evidence. Upon this showing McFaddin escaped personal liability. Yet no effort was made to bring the corporation into the suit and hold it liable. Plaintiff, however, replies that McFaddin's testimony was untrue, and that it was the partnership and not the corporation in possession. If this be admitted, yet plaintiff did not then know it was untrue, and if, relying upon this testimony, plaintiff had brought an action against the corporation, and had been defeated, McFaddin's conduct would have been such as to constitute a fraud against plaintiff, which would have made him personally liable for all damages resulting by reason of that fraud.

So it occurs to us that there were too many means at hand, which, if diligently used, would have resulted in an adequate satisfaction of the wrong, or a complete revelation of all the facts of possession, for plaintiff to now be permitted to excuse its long delay on account of the concealment alleged. The authorities strongly suggest that plaintiff's petition was insufficient. Bremond v. McLean, 45 Tex. 19; Powell v. March (Tex. Civ. App.) 169 S. W. 936 (writ refused); Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48. In Amy v. City of Watertown, 130 U. S. 325, 9 S. Ct. 539, 32 L. Ed. 955, it is said:

"Concealment of fraud prevents a party from knowing that he has been injured, and has a cause of action. He cannot take any steps to obtain redress. But when a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim, or instituting such proceedings as the law regards sufficient to preserve it."

See, also, generally, Leach v. Moore, 57 Ark. 583, 22 S. W 173; Decorating Co. v. Wilkes, 173 Ky 566, 191 S. W. 443; Dryer v. Railway Co., 170 Mo. App. 550, 157 S. W. 129; Sanborn v. Gale, 162 Mass. 412, 38 N. E. 710, 26 L. R. A. 864; Wood v. Carpenter, 101 U. S 135, 25 L. Ed. 807; State v. Yates, 231 Mo. 276, 132 S. W. 676; Fidelity & Casualty Co. v. Furniture Co., 186 Ind. 566, 117 N. E. 258; Weston v. Jones (Minn.) 199 N. W. 431.

[5] We also think the case was properly decided on the question of res adjudicata. As the active perpetrator of the wrong, Mc-Faddin was primarily and individually liable therefor, even though committed in behalf of the partnership. As said by the late lamented and honored Judge Townes in his book on Torts:

"The tort by a member of the firm is, first, the tort of the person committing it. He is responsible, and as every member of the firm is the agent of all the other members within the real or even reasonably apparent scope of the partnership business, it follows that all the members of the firm are responsible for the torts of each member committed within the scope of the firm's business."

In the suit of Chaison v. McFaddin, W. P. H. McFaddin was sued individually for the identical trespass for which he is now sued. His individual liability therefor was then litigated, and he defeated plaintiff's demand. It is immaterial that it was not alleged that he committed the wrong as a member of the partnership, because it was his individual wrong, even if committed in his capacity as a member of the partnership, because the partnership could not commit the tort. It is his individual liability for the same trespass that is being litigated in this suit. It is immaterial that it is alleged that it arose by reason of his act as a member of the partnership; it is his individual liability nevertheless sought to be enforced. If he was not individually liable in the suit of Chaison v. McFaddin, he is not individually liable now. That has been adjudicated. It is immaterial how he escaped liability in the case of Chaison v. McFaddin. If it was by fraud, then, as stated above, that fraud could have been made the basis of a cause of action against him if damage resulted. The former judgment was unquestionably a bar to the present suit as against McFaddin, and, he being the active agent for the other parties, under the authorities cited by the Court of Civil Appeals, the former judgment was also a bar as to the other parties.

We recommend that the judgment of the Court of Civil Appeals be in all things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of appeals is adopted, and will be entered as the judgment of the Supreme Court.