**T. H. COLEMAN, Plaintiff,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, a corporation, Defendant.**

**Civ. No. 14613–4.**

United States District Court
W. D. Missouri, W. D.
March 2, 1964.

Speers, Miller, Flemington & Slyter, by Austin Speers, Kansas City, Mo., for plaintiff.

Slagle & Bernard, by Warren E. Slagle, Kansas City, Mo., for defendant.

BECKER, District Judge.

In this cause the defect complained of in defendant's motion to dismiss or in the alternative for a more definite statement was cured by the filing, with leave of Court, of plaintiff's first amended complaint on October 18, 1963, and that motion is now moot.

This leaves for disposition defendant's motion to quash service of process.

Service is good in this cause if liability under the Missouri Service Letter Statute accrued in Missouri in a case where the service letter was mailed by the defendant at Galveston, Texas, and addressed to and delivered to the plaintiff in Missouri. Sections 375.210 and 290.140, RSMo 1959, V.A.M.S.

No authority directly in point is cited by either party. Frazee v. Partney (Mo. Sup.) 314 S.W.2d 915, relied upon by the defendant is not in point.

Whether the plaintiff can show facts which bring him within the Missouri Service Letter Statute cannot be determined from the amended complaint. If he can show such facts, the service is good and his cause is submissible to a jury. If he cannot show such facts the service is not good and a verdict will be directed against him.

At this stage, under the federal system of notice pleadings, all intendments will be taken in favor of the claim. See Leimer v. State Mut. Life Assur. Co. (C. A. 8) 108 F.2d 302, l. c. 306; 2 Moore, Federal Practice ¶ 12.08, pp. 2244–47.

Since it does not appear to a certainty that the plaintiff would be unable to bring himself within the Missouri Service Letter Statute under any state of facts which could be proved in support of the claim, it is

Ordered that defendant's motion to quash be, and the same is hereby, overruled.