**Daryl IRVIN, Plaintiff,**

v.

**KROBLIN REFRIGERATED EXPRESS, INC., Defendant.**

No. 84–1365C (A).

United States District Court, E.D. Missouri.

Aug. 6, 1985.

Eugene H. Fahrenkrog, Jr., St. Louis, Mo., for plaintiff.

Gary W. Bomkamp, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER

HARPER, District Judge.

This matter is before the Court on defendant's motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure, based upon the grounds that the statute of limitations has barred the bringing of this suit, and there is no genuine issue as to any material facts that would contradict this defense.

The plaintiff opposes the motion for summary judgment and has filed affidavits and documents in support of his opposition.

Summary judgment is an extreme remedy which is not to be entered unless the movant has established its right to a judgment with such clarity as to leave no room for controversy. *Weber v. Towner County*, 565 F.2d 1001, 1005 (8th Cir.1977). It is well settled that the party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact. *Adickes v. S.J. Kress & Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142. For the purpose of determining whether any material fact remains disputed all factual inferences must be drawn in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176.

Plaintiff's complaint states a cause of action for wrongful death on two counts, that of his wife and his child. The accident which took the lives of plaintiff's wife and child allegedly occurred on November 25, 1976, in Laclede County, Missouri.

At the time of the accident, the statute creating plaintiff's causes of action was 537.080 R.S.Mo.1969.[1]

Plaintiff originally filed these wrongful death actions in this Court on November 7, 1977 (No. 77–1184C(3)), only to have the case dismissed without prejudice on April 30, 1980, for failure to appear for a deposition. Plaintiff's affidavit, supporting his opposition to defendant's motion, indicates that at the time of the deposition he was incarcerated in a Fulton County Jail in Georgia. From the plaintiff's affidavit and the record in this case, the Court makes the following summary as to the pre-trial history of plaintiff's case and plaintiff's whereabouts:

| TIME | REMARKS |
| --- | --- |
| (a) March, 1974 to September, 1977 | Missouri Department of Corrections |
| (b) November 7, 1977 | First filing of suit |
| (c) February, 1978 to July 3, 1978 | Missouri Department of Corrections |
| (d) Oct. 3, 1978 to August, 1979 | St. Louis County Jail |
| (e) January, 1980 to May, 1980 | Fulton County Jail (Atlanta, Georgia) |
| (f) April 30, 1980 | Case dismissed without prejudice |
| (g) May, 1980 to June 20, 1980 | Whereabouts unknown |
| (h) June 20, 1980 | Arrested in Santa Ana, California |
| (i) Aug. 22, 1980 to June 11, 1985 | Vacaville, California |
| (j) June 11, 1980 | Plaintiff refiles his complaint |
| (k) May 15, 1985 | Plaintiff lodes First Amended Complaint |

Defendant predicates its Rule 56(b) motion on the expiration of the applicable statute of limitations, 537.100. In opposition, plaintiff wants the Court to apply 516.170, thereby tolling the statute of limitations for the period of his California incarceration. Plaintiff argues that to do otherwise would be inequitable and would shock the conscience.

Plaintiff's right to recovery for the wrongful death of his family lasted for a period proscribed in 537.100. At the time of the accident, that right lasted for a period of two years. Hence, plaintiff had to file his lawsuit by November 25, 1978. Plaintiff complied with such a limitation when he filed this lawsuit in November, 1977. Plaintiff's lawsuit was dismissed, however, on April 30, 1980, as a discovery sanction for plaintiff's failure to attend his deposition.

In the event of a nonsuit, 537.100 provides a one-year grace period within which to re-institute the lawsuit. When plaintiff's case was dismissed, plaintiff suffered a nonsuit, and thus, on April 30, 1981, his right to refile his lawsuit extinguished.

Plaintiff argues that 516.170 operates to toll the one-year refiling period for the time he spent in a California prison. From plaintiff's affidavit it is clear that plaintiff has been incarcerated either in Georgia or California for all but one month of that one-year refiling period. Section 516.170 does operate to toll the statute of limitations; however, the expressed language of the statute limits its force to only certain statutes within Chapter 516. Moreover, Missouri case law clearly indicates that 516.170 will not operate to save plaintiff's case. The Missouri Supreme Court in *Frazee v. Partney*, 314 S.W.2d 915 (Mo.1958) showed no willingness to toll the effects of 537.100 by any circumstances not delineated within that section.

Concerning motions of equity, this Court sympathizes far more with the plaintiffs in *Frazee* than with this plaintiff. In this

---

**1.** All statutory references are to R.S.Mo.1969, incorporating all pertinent amendments.

case, plaintiff has shown no diligence in prosecuting his suit. Notwithstanding his current incarceration, plaintiff has managed to refile his suit in June, 1984. Hence, being incarcerated has not prevented him from re-instituting his lawsuit. Even if his incarceration affected his ability to refile, plaintiff was not incarcerated for a month during the one-year grace period. As a consequence, this Court finds no reason for justifying or excusing his delay.

Accordingly, the motion of defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is sustained, and summary judgment is granted.

The Clerk of the Court will prepare and enter the proper order to that effect.