Mary R. Russell, Judge,
dissenting
While I am deeply troubled by the tragedy that occurred in this case, I must respectfully dissent. In overruling the defendant’s motion to dismiss this case, the trial court found that it was “shocking to the conscience” to construe the wrongful death statutes in a manner that would allow a wrongdoer to escape civil liability merely by successfully concealing his identity until the limitations period ran. While I agree that the outcome I would reach here is regrettable, it is shocking to the legal conscience for this Court to use its equity powers to countermand the clear dictates of the legislature. I write separately because, as this Court stated in Boland v. Saint Luke’s Health Sys., Inc., the doctrine of equitable estoppel may not be used to preclude application of section 537.100,[1] Missouri’s special statute of limitations for wrongful death claims. See 471 S.W.3d 703, 2015 WL 4926961 (No. SC93906) (Mo. banc 2015).
I agree with the majority that, because wrongful death is a purely statutory creature, the statute of limitations provisions that apply to claims generally are not applicable to a wrongful death claim. The fraudulent concealment exception set out in section 516.280 may not be applied to a wrongful death claim because such claims are governed by the special statute of limitations set out in section 537.100. Section 537.100 does not contain its own fraudulent concealment exception, and neither of its two tolling exceptions apply to this case.
I also agree with the majority that this Court’s decision in Frazee v. Partney, 314 S.W.2d 915 (Mo. 1958) remains good law and is directly on point here. That decision found that a wrongful death claim accrues when the defendant’s liability is complete (i.e., at death) and there exists some person to whom the defendant is liable. Id. at 920-21. The majority reaffirms that holding and rightly finds that in this case, as in Frazee, the plaintiffs cause of action accrued at the decedent’s death, regardless of the fact that in both cases the identity of the defendant was unknown at the time of death.
Frazee, however, also held that:
[WJhere a statute of limitations is a special one, not included in the general chapter on limitations, the running thereof cannot be tolled because of fraud, concealment or any other reason not provided in the statute itself.... No other exceptions whatever are engrafted on that statute, and it is not the duty or the right of the courts to write new provisions into the statute.
Id. at 919 (internal citations omitted). It is here that I respectfully disagree with the majority opinion insofar as it disregards this aspect of Frazee by holding that equitable estoppel bars the defendant from asserting the statute of limitations as an affirmative defense due to acts of fraudulent concealment. The majority claims that this holding does not violate Frazee because:
tolling and accrual are likewise distinct from the application of fraudulent concealment as a form of equitable estoppel, which forecloses a defendant from pleading the statute of limitations as a de *456 fense. The application of this doctrine does nothing to engraft a tolling mechanism or otherwise extend the statute of limitations beyond what is stated expressly in the statute.[2]
As was held in Boland, this is a distinction without a real difference. While it is true that equitable estoppel was not before this Court in Frazee, the phrase “[n]o other exceptions whatever are engrafted on that statute” must mean something. Frazee at 919. Despite its discussion of the difference between equitable tolling and equitable estoppel, the majority neglects to mention that, in Frazee, this Court clearly stated that “[a] special statute of limitations must carry its own exceptions and we may not engraft others upon it.” Id. at 919. And yet the majority unmistakably holds that equitable estoppel is now a de facto exception to section 537.100.[3] There is no way to reconcile this with Frazee, and the majority effectively overrules that opinion of this Court.
As this Court stated in Boland, the legislative history of section 537.100 is instructive. Prior to Frazee, the General Assembly twice amended section 537.100 to add a tolling provision for absconders and a one year savings provision to allow a new suit following dismissal without prejudice. 1905 Mo. Laws 137 (codified at section 2868, RSMo 1906); 1909 Mo. Laws 463 (codified at section 5429, RSMo 1909). After Frazee the General Assembly twice more amended section 537.100, first enlarging the limitations period from one year to two in 1967 and then to three years in 1979. 1967 Mo. Laws 665; 1979 Mo. Laws 631. Yet the legislature has never seen fit to add a fraudulent concealment provision to section 537.100, despite the fact that such a provision, currently codified at section 516.280, has existed in Missouri for over 150 years. See Limitation: art. 8, sec. 3, RSMo 1836.
This Court is bound to consider these intentional legislative choices and refrain from judicially amending section 537.100 even when, as here, the result is severe for the plaintiff. It is the job of the legislature, not this Court, to address exceptions to a special statute of limitations. And in the past when this Court has reached other harsh results in interpreting statutes of limitations, the General Assembly has acted to ameliorate those results. In Laughlin v. Forgrave, 432 S.W.2d 308 (Mo. banc 1968), this Court held that the plaintiffs *457 medical malpractice action was barred by the statute of limitations despite the claim that the injury — a foreign object left in the plaintiffs back — could not have been discovered within the limitations period. Id. at 313. In 1976, the General Assembly amended the medical malpractice statute of limitations to add a discovery exception for claims where the injury was a foreign object left inside the body. 1976 Mo. Laws 767 (codified as amended at section 516.105, RSMo 2000). In Weiss v. Rojanasathit, 975 S.W.2d 113, 120 (Mo. banc 1998), this Court again strictly construed the medical malpractice statute of limitations and held that the discovery exception added in Laughlin was inapplicable to the plaintiffs claim of failure to notify of test results that would have revealed the presence of cervical cancer.[4] During the next legislative session, the General Assembly amended the medical malpractice statute of limitations and added a discovery exception for cases where the act of negligence is “negligent failure to inform the patient of the results of medical tests.” 1999 Mo. Laws 329.
In rejecting the plaintiffs argument for an extension of the discovery rule, this Court stated in Weiss that:
This argument is appealing and has some force, so far as justice is concerned; in that respect the conclusion we reach is distasteful to us. But, the legislative branch of the government has determined the policy of the state and clearly fixed the time when the limitation period begins to run against actions for malpractice. This argument addressed to the court properly should be addressed to the General Assembly. Our function is to interpret the law; it is not to disregard the law as written by the General Assembly.
Weiss, 975 S.W.2d at 121 (quoting Laugh-lin, 432 S.W.2d at 314). These cases reflect the overarching precedent that the legislature is in the best position to. set Missouri policy on this issue. See Hunter v. Hunter, 361 Mo. 799, 237 S.W.2d 100, 104 (1951) (exceptions to statutes of limitations are matters of public policy for the General Assembly; exceptions are to be strictly construed and not enlarged by courts upon considerations of hardship.).[5] This result does not aim to reward fraudulent concealment. Rather, it merely recognizes that it is this Court’s role to interpret the law, not rewrite it. In that regard, I believe the plaintiffs argument in this case is one better made to the General Assembly.
Finally, and while I express no opinion about the doctrine of equitable estoppel’s application in other contexts, it is my view that this Court should not deploy discretionary equitable remedies, in a manner contrary to a clear mandate of the legislature. As this Court noted long ago:
Equity Courts may not disregard a statutory provision, for where the Legislature has enacted a statute which gov *458 erns and determines the rights of the parties under stated circumstances, equity courts equally with courts of law are bound thereby. Equity follows the law more circumspectly in the interpretation and application of statute law than otherwise.
Milgram v. Jiffy Equip. Co., 362 Mo. 1194, 247 S.W.2d 668, 676-77 (1952) (emphasis added) (internal citations omitted). The notion that all equitable maxims'become a part of all statutory schemes, unless expressly written out of the law by the legislature merely invites future reexamination by courts of otherwise settled areas of statutory interpretation.
In conclusion, despite the fact that the outcome is “shocking to the conscience,” I would hold that the trial court abused its discretion in overruling the relator’s motion to dismiss the plaintiffs wrongful death suit.

. Statutory references are to RSMo 2000 if not otherwise indicated.

. In support of its point, the majority cites numerous decisions from foreign jurisdictions and faults the relator here for failing to address these cases. However, because statutes of limitations are purely statutory, decisions from other states are irrelevant to the interpretation and application of section 537.100.

. The majority opinion premises its discussion of equitable estoppel on Glus v. Brooklyn E. Dist. Terminal, 359 U.S. 231, 235, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959), in which the Supreme Court of the United States held that equitable estoppel could toll the limitations period for a claim under the Federal Employers' Liability Act. Yet Glus was a federal case interpreting a federal statute. As such, it is not strictly relevant to the interpretation of section 537.100. Moreover, in applying the doctrine of estoppel, the Court in Glus noted that:
We have been shown nothing in the language or histoiy of the Federal Employers' Liability Act to indicate that this principle of law, older than the country itself, was not to apply in suits arising under that statute. Nor has counsel made any convincing arguments which might lead us to make an exception to the doctrine of estoppel in this case.
Id. at 234, 79 S.Ct. 760, 762. Here, however, the legislative history of section 537.100 indicates the General Assembly did not intend fraudulent concealment as an exception to the wrongful death limitations period. Further, legislative deference as well as adherence to this Court’s decision in Frazee are compelling arguments to decline to exercise equity powers in this case.

. Notably, in Weiss, this Court considered and rejected the plaintiff’s theory that equitable estoppel should preclude the defendant from asserting the statute of limitations. Id. at 120.

. There is considerable historical precedent for this view:
It was at one time held in regard to these [statutes of limitations], that where by reason of the defendant’s fraud the existence of a cause of action was concealed, it would furnish an equitable exception to the express language of the statute. [B]ut the idea that implied and equitable exceptions, which the Legislature has not made, are to be engrafted by the courts on a statute of limitations is now generally abandoned.
Theodore Sedgwick, A Treasure on the Rules WHICH GOVERN THE INTERPRETATION AND CONSTRUCTION of Statutory and Constitutional Law, 277 (Pomeroy, ed., 2d ed. 1874, reprint 2012).