Robert QUICK, Plaintiff-Appellant,

v.

ALL TEL MISSOURI, INC., and Lyle Rath, Defendants-Respondents.

No. 48946.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Larry W. Glenn, St. Louis, for plaintiff-appellant.

Robert Allen Useted, St. Louis, for defendants-respondents.

KAROHL, Judge.

Plaintiff Robert Quick appeals dismissal of his first amended petition for damages relating to personal injuries sustained on September 19, 1979. At that time plaintiff was an employee of defendant All Tel Missouri, Inc. [All Tel]. He was injured after climbing a certain pole from which individual defendant Lyle Rath had previously removed a sign warning that the pole was condemned. The trial court found that it lacked subject matter jurisdiction of the claim against defendant All Tel, plaintiff's employer, based on § 287.120 RSMo 1978, which indicates that recovery based on workers' compensation is the exclusive remedy against an employer. Since venue in the City of St. Louis on plaintiff's claim against individual defendant Lyle Rath was premised on the presence of All Tel in the case, the dismissal of plaintiff's claim against defendant All Tel required dismissal of plaintiff's claim against Rath.

There is no dispute that at the time of his injury plaintiff was an employee of defendant All Tel. Before filing this suit he recovered benefits under the Workers' Compensation Act. He claims that in this suit he is suing defendant All Tel not as employer but in its capacity as the successor of Stover Telephone Company. In 1969 Stover and two other companies were merged into and became a part of the company now known as All Tel Missouri, Inc. Rath's negligent act in removing the warning sign from the pole occurred prior to the merger and while he was employed by Stover.

The plaintiff contends that All Tel, as the surviving corporation in the merger and not as employer, is liable to defendant for his injuries. Plaintiff reasons that Stover as the employer of Rath would be a third party within the context of the Workers' Compensation Act and liable to the plaintiff for his injuries and that All Tel expressly assumed that liability in the Articles of Merger and by operation of what is now § 351.450(5) RSMo 1978. The statute has not been changed since the merger.

The Articles of Merger provide that the assets and liabilities of Stover at the amounts shown on the books shall be transferred to the surviving corporation, now All Tel. "The surviving corporation will henceforth be responsible and liable for the liabilities and obligations of ... Stover ... in the same manner and to the same extent as if the surviving corporation had itself incurred the same or contracted therefor."

Section 351.450(5) provides:

Such surviving or new corporation shall thenceforth be responsible and liable for all the liabilities and obligations of each of the corporations so merged or consolidated; and *any claim existing* or action or proceeding pending by or against any of such corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or such surviving or new corporation may be substi-

tuted in its place. Neither the rights of creditors nor any liens upon the property of any such corporation shall be impaired by such merger or consolidation. (emphasis added).

Defendant All Tel responds that at the time of merger on October 10, 1969 plaintiff had no cause of action against Stover and therefore the provisions of the Articles of Merger and the statute do not support plaintiff's claim. The employer relies on the fact that at the time plaintiff's claim arose he was an employee of All Tel and his exclusive relief was under the Workers' Compensation Act. § 287.120.2 RSMo 1978.

■ A cause of action for negligence does not arise until plaintiff suffers an injury. *Nichols v. Blake*, 418 S.W.2d 188, 191 (Mo.1967), quoting *Biscoe v. Kowalski*, 290 S.W.2d 133, 138 (Mo.1956). Although the negligent act of Rath occurred before the merger in 1969 plaintiff's cause of action did not arise until his fall with the pole on September 19, 1979. Plaintiff's claim was not a liability or obligation on the books of Stover at the time of the merger. It was not only unknown, it did not exist. Both the Articles of Merger and the statute relate to known liabilities and obligations. The statute, however, also includes any "claim *existing* or action or proceeding pending." (emphasis added) Plaintiff's claim does not fall in either category. We are not called upon to decide the question of whether All Tel would be liable and the provisions of § 287.120 RSMo 1978 inapplicable had plaintiff sustained injuries prior to the merger.

■ The narrow issue in the present case is whether the merger agreement or the statute, or both, override the exclusivity provisions of the Workers' Compensation Act where the negligent act occurred before merger but the cause of action accrued after the merger. We conclude that they do not because plaintiff's claim was not in existence at the time of the merger.

In *Gambrell v. Kansas City Chief's Football Club, Inc.*, 562 S.W.2d 163 (Mo. App.1978) the court noted that,

the key to whether the Workers' Compensation Act precludes a common law right of action lies in the nature of the injury for which plaintiff makes claim, not the nature of defendant's act which plaintiff alleges to have been responsible for that injury. In this case, as has already been shown, the damages for which plaintiff seeks recovery herein are accidental bodily injuries squarely within the ambit of the Workers' Compensation Act. As stated by *Larson* the fraud and deceit in June or July, if any, became merged in the physical injuries which occurred in August 1974. By that time, plaintiff unquestionably had become an employee under written contract of employment.

*Id.* at 168. The court there rejected plaintiff Gambrell's argument that the employer's medical doctor's declaration of his fitness to play professional football was the product of fraud and deceit and that although these acts occurred before his contract of employment they were actionable when he subsequently sustained injuries. The injuries were sustained while playing football under the contract he signed after the physical examination.

■ We interpret § 287.120 to release the employer from all liability whatsoever for damages covered by the Act and for which compensation is made available under its provisions unless the employer expressly assumes an additional existing liability. Coverage under the Act is determined as of the time and circumstances of the injury which gives rise to the claim and not when the causal negligence may have occurred if at a different time. *Gambrell*, 562 S.W.2d at 168.

We affirm.

PUDLOWSKI, P.J., and GAERTNER, J., concur.