**54**

James J. SAUTER and Jane Hunt,
Plaintiffs–Appellants,

v.

SCHNUCK MARKETS, INC.,
Defendant–Respondent.

No. 58180.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 11, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 23, 1991.

Application to Transfer Denied
March 5, 1991.

Randy Michael Smith, St. Louis, for plaintiffs-appellants.

Charles E. Reis, IV, Michael E. Bub, Brown & James, St. Louis, for defendant-respondent.

CRANE, Judge.

Plaintiffs, James J. Sauter and Jane Hunt, the son and daughter of Bernice Sauter, deceased, appeal from the order of the Circuit Court of the City of St. Louis dismissing a personal injury action brought by them against Schnuck Markets, Inc. for injuries sustained by their mother. We affirm.

The Second Amended Petition discloses that Bernice Sauter fell and was injured in a Schnuck Markets, Inc. parking lot on October 5, 1984. She died on April 18, 1985. The cause of her death is not in the record. However, plaintiffs' brief indicates it was of unrelated causes.

Bernice Sauter did not file any action as a result of her injuries. Two years after her death, plaintiffs brought this action in their own names and not in any representative capacity. They allege in the Second Amended Petition that they brought the action as the "natural children of Bernice Sauter, deceased." The petition seeks damages for negligence and under the the-

ory of res ipsa loquitur for injuries sustained by Bernice Sauter in the sum of $300,000.00. Schnuck Markets, Inc.'s motion to dismiss this petition for lack of standing was granted by the trial court.

Plaintiffs appeal this order of the trial court on three interrelated grounds. We address the third point first. In this point plaintiffs argue that they have standing as "sole heirs" to bring what they characterize as a survival action, even though letters of administration were not obtained.

■ The action for personal injuries belonged solely to Bernice Sauter. At common law, tort actions did not survive the death of the injured party. *Manson v. Wabash Railroad Company*, 338 S.W.2d 54, 57 (Mo. banc 1960); *Briggs v. Cohen*, 603 S.W.2d 20, 22 (Mo.App.1980); 1 C.J.S. Abatement and Revival § 140 (1985). Section 537.020 RSMo 1986 provides for the survival of such actions to the personal representative of the injured party. The right of the personal representative to bring such an action exists solely by virtue of this statute. *Plaza Express Co. v. Galloway*, 365 Mo. 166, 280 S.W.2d 17, 22 (1955).

Section 537.020.2 RSMo 1986 requires the appointment of a personal representative by the probate division of the circuit court upon written application by one or more of the beneficiaries of the deceased. Section 473.070 RSMo 1986, which was in effect in 1985, required that the Application for Letters of Administration, pursuant to which a personal representative would be appointed, be filed within three years of decedent's death. No application was filed within the three year time period and, as a result, no personal representative was appointed.

Bernice Sauter's causes of action survived only to a personal representative. Thus only a personal representative would have standing to bring a survival action. Standing is jurisdictional and lack of standing cannot be waived. *Brock v. City of St. Louis*, 724 S.W.2d 721, 725 (Mo.App.1987).

The trial court did not err in granting the motion to dismiss for lack of standing. Point III is denied.

■ Plaintiffs attempt to avoid the consequences of the application of Section 537.020 by arguing that they could proceed as heirs of Bernice Sauter, having obtained a court determination of heirship. This point has no merit. Section 473.663.1 RSMo 1982, under which the determination of heirship was made, cannot be interpreted to create a survival action in the heirs. Point I is denied.

■ Plaintiffs further argue that the lack of a personal representative went to capacity to sue, which can be waived, and not to standing. Again, this point has no merit. It is not a question of whether the plaintiffs lacked capacity to sue or of a technical irregularity in the naming of the plaintiffs. Bernice Sauter's cause of action did not survive to anyone other than a personal representative. Point II is denied.

■ Plaintiffs also argue that the probate court should have applied the five year negligence Statute of Limitations instead of the three year statute governing the application for letters. This argument is not properly before us since plaintiffs are not appealing the order of the probate court dismissing their untimely application for letters.

The order of the circuit court is affirmed.

REINHARD, P.J., and STEPHAN, J., concur.