Treva CARTER, Plaintiff–Appellant,

v.

L. Kenneth POTTENGER, M.D., Southwest Radiology, Ltd., and Freeman Hospital, Defendants–Respondents.

No. 19238.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 22, 1994.

Kay G. Noonan, Lawrence R. Leonard, Watson, Ess, Marshall & Enggas, Kansas City, for plaintiff-appellant.

James D. Tucker, Harrison, Tucker & Hyde, Springfield, for defendant-respondent Freeman Hospital.

Karl W. Blanchard, Jr., Blanchard, Van Fleet, Martin, Robertson & Dermott, P.C., Joplin, for defendants-respondents L. Kenneth Pottenger, M.D. and Southwest Radiology, Ltd.

GARRISON, Presiding Judge.

Treva Carter, wife of Harold Carter, deceased, appeals from the trial court's order dismissing her survival action by which she sought to recover for personal injuries alleg-

edly sustained by her late husband as a result of Defendants' negligence.

Harold Carter originally filed the medical malpractice suit on October 25, 1990, but died on April 15, 1991, apparently from unrelated causes, while the case was pending. On August 27, 1991, the trial court ordered that Plaintiff be substituted as party plaintiff in the suit originally filed by Mr. Carter. On March 15, 1993, the trial court sustained Defendants' Motion to Dismiss for Failure to Substitute Proper Party Plaintiff. On May 10, 1993, Plaintiff filed an Application For Letters of Administration concerning the estate of Mr. Carter which was denied because it was filed more than one year after his death. On August 12, 1993, the Probate Division of the Jasper County Circuit Court entered a Decree Determining Heirship by which the court declared that Mr. Carter's cause of action for medical malpractice against Defendants was vested in Plaintiff and four children.

On September 7, 1993, Plaintiff filed the petition which is the subject of this appeal in which she sought to recover for the injuries allegedly sustained by Mr. Carter and in which she alleged that she "was appointed personal representative under a Decree Determining Heirship and was specifically authorized to prosecute this action by the Probate Division of the Jasper County Circuit Court."[1] Defendants filed motions to dismiss alleging, among other things, that Plaintiff lacked standing to file the suit because she was not an appointed personal representative; although she alleged that she was a personal representative she filed suit in her individual name rather than in any representative capacity; she had failed to join a party under Rule 52.04;[2] and she did not have legal capacity to sue. The motions to dismiss were sustained and the case was dismissed with prejudice.

■ The trial court did not specify the basis upon which it dismissed the petition.

The parties, on this appeal, treat the dismissal as having been based on the theory that Missouri's survival statute, § 537.020,[3] requires that such an action be pursued by a personal representative of the decedent's estate, that Plaintiff had not been appointed to that capacity, and the time had elapsed within which such an appointment could be made. We will do the same. Therefore, as presented by the parties, the issue is whether Plaintiff can maintain this survival action pursuant to § 537.020 where she was not appointed personal representative of the decedent's estate by the issuance of letters of administration but was declared to be an heir pursuant to a determination of heirship proceeding under § 473.663.

■ At common law, an action for personal injuries did not survive the death of the injured party. *Plaza Express Co. v. Galloway*, 365 Mo. 166, 280 S.W.2d 17, 21 (Mo. banc 1955). Only by reason of the survival statute, § 537.020, does an action for personal injuries survive the death, from other causes, of the person injured. *Id.*, 280 S.W.2d at 21–22. That statute declares that the cause of action survives to the "personal representative." It provides, in pertinent part:

1. Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representative, ...

2. ... [T]he right of action for personal injury that does not result in the death shall be sufficient to authorize and to re-

---

1. The Decree Determining Heirship stated, after describing Mr. Carter's medical malpractice action which the record shows had been dismissed, that "petitioner claims and has an interest in the property above described owned by decedent, at the time of death as an heir of said decedent and is authorized to prosecute said petition."

2. Rule references are to Missouri Rules of Civil Procedure (1994) unless otherwise indicated.

3. All references to statutes are to RSMo 1986, V.A.M.S., unless otherwise indicated.

quire the appointment of a personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased. . . .

Section 537.021 also provides, in pertinent part:

> 1. The existence of a cause of action for . . . a personal injury not resulting in death . . . which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
>
>> (1) A personal representative of the estate of a . . . person injured . . . upon the death of any such person [and such appointment in only those cases involving loss chance of recovery or survival shall be made notwithstanding the time specified in section 473.070, RSMo, for the exclusive purpose of pursuing a cause of action related to such injury. . . .] [4]

In the instant case Plaintiff's Application For Letters of Administration was denied because it was filed more than one year after Mr. Carter's death. This was consistent with the provisions of § 473.070 which prohibit administration of an estate unless application is made within one year after the death of the decedent.

Plaintiff thereupon filed the action for determination of heirship in the probate division of the circuit court pursuant to § 473.663 which authorizes any person claiming an interest in property of a decedent to seek a determination of the heirs of decedent and their respective interests in the estate if no administration of the estate had been commenced within one year after the death. It is as a result of the determination in that proceeding that Plaintiff claims entitlement to pursue the instant cause of action.

Plaintiff's contention in this regard has been rejected previously in this state. In *Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54 (Mo.App.E.D.1990), plaintiffs were the children of a decedent who had suffered injuries but later died from unrelated causes. They filed suit to recover for those injuries even though they had not been appointed personal representatives by the probate division of the circuit court and the time for commencement of administration of their father's estate under § 473.070 had expired. They, like Plaintiff in the instant suit, had obtained a determination of heirship pursuant to § 473.663. Dismissal of their petition was upheld by the Eastern District of this court. The court said:

> The action for personal injuries belonged solely to Bernice Sauter.[5] At common law, tort actions did not survive the death of the injured party. [Citations omitted.] Section 537.020 RSMo 1986 provides for the survival of such actions to the personal representative of the injured party. The right of the personal representative to bring such an action exists solely by virtue of this statute. [Citation omitted.]
>
> Section 537.020.2 RSMo 1986 requires the appointment of a personal representative by the probate division of the circuit court upon written application by one or more of the beneficiaries of the deceased. Section 473.070 RSMo 1986, which was in effect in 1985, required that the Application for Letters of Administration, pursuant to which a personal representative would be appointed, be filed within three years of decedent's death. No application was filed within the three year time period and, as a result, no personal representative was appointed.[6]
>
> Bernice Sauter's causes of action survived only to a personal representative. Thus only a personal representative would have standing to bring a survival action.

---

4. The bracketed portion of § 537.021.1(1) was added when the statute was amended in 1993 and will be discussed *infra* in this opinion. Also added to that section of the statute was a provision for the appointment of a plaintiff ad litem at the request of persons delineated in § 537.080. Plaintiff does not claim that the statute, as amended, applies to the instant case.

5. Bernice Sauter was the decedent who had been injured.

6. Section 473.070 was amended in 1989 to require the filing of an Application for Letters within one year after the decedent's death rather than three.

Standing is jurisdictional and lack of standing cannot be waived.

*Id.* at 55. In response to the plaintiffs' claim that they were entitled to bring the suit because they had been declared to be the heirs of the decedent in the determination of heirship proceeding, the court said:

Plaintiffs attempt to avoid the consequences of the application of Section 537.020 by arguing that they could proceed as heirs of Bernice Sauter, having obtained a court determination of heirship. This point has no merit. Section 473.663.1 RSMo 1982, under which the determination of heirship was made, cannot be interpreted to create a survival action in the heirs.

*Id.* at 55.

■■■ Plaintiff seeks to distinguish *Sauter* because there, unlike the instant case, suit had not been filed before the death of the injured party. She seems to argue that in *Sauter,* since suit had not been filed, the cause of action had not vested in the decedent whereas in the instant case the cause of action was already in existence because it had been filed by Mr. Carter prior to his death. Section 537.020 provides that "causes of action" for personal injuries other than those resulting in death do not abate by reason of the injured person's demise. The existence of a cause of action, however, does not depend on the filing of a suit to enforce it. Rather, it accrues when the right to maintain a suit arises. *Reed v. Reberry,* 883 S.W.2d 59, 64 (Mo.App.S.D.1994). In a negligence case the cause of action accrues when there is a breach of a duty owing to the plaintiff resulting in injury. *Nichols v. Blake,* 418 S.W.2d 188, 191 (Mo.1967). *See also Quick v. All Tel Missouri, Inc.,* 694 S.W.2d 757, 759 (Mo.App.E.D.1985). The distinction Plaintiff would draw between the instant case and *Sauter,* therefore, is without substance.

The necessity of being appointed a personal representative of the estate by the probate division in order to bring a survival action has also been recognized by the Western District of this court in *Howell v. Murphy,* 844 S.W.2d 42 (Mo.App.W.D.1992). That case involved a wrongful death action for the deaths of three persons held captive and tortured by Robert Berdella. Also included was a count pursuant to § 537.020 by persons claiming to be personal representatives of the victims' estates seeking damages for intentional and negligent torts inflicted on the victims prior to their deaths. Summary judgment in favor of defendants on that count was affirmed with the appellate court saying:

The trial court granted summary judgment because the plaintiffs held themselves out in the counts as personal representatives of the victims' estates without having obtained letters testamentary or letters of administration from probate court, and they were beyond the three-year limit for obtaining them. The trial court concluded that the plaintiffs did not have standing to sue as the estates' personal representatives.

We agree. By not taking steps to become personal representatives of the victims' estates within the three-year limit of § 473.070, ... the plaintiffs lost standing to assert an action as representatives of the estates.

*Id.* at 49. To the same effect is *Anderson v. Jones,* 508 F.Supp. 399 (N.D.Ga.1980).

Plaintiff argues that § 537.020 mandates the appointment of a personal representative but does not set a time limit for doing so. The *Howell* case, however, stands for the proposition that the time constraints of § 473.070 apply to such an appointment. Additionally, the issue before us is the trial court's dismissal which the parties treat as having been based on Plaintiff's lack of standing or capacity to sue. As indicated in *Sauter,* an argument about whether there is appropriately a limitation for the appointment of a personal representative for the purposes of the survival statute "is not properly before us since plaintiffs are not appealing the order of the probate court dismissing their untimely application for letters." *Sauter v. Schnuck Markets, Inc.,* 803 S.W.2d at 55.

■■■ Plaintiff also contends that the history of § 537.021 indicates that the term "personal representative" under that statute and

§ 537.020 is broader than a personal representative appointed in a decedent's probate estate. Prior to 1981, § 537.021 provided that the existence of a cause of action which survived the death of the person injured required the appointment of an "executor or administrator" of the estate of that person. Plaintiff notes that in 1981, § 537.021 was amended to substitute the term "personal representative" for the phrase "executors or administrators" which, she argues, is a clear indication that the term "personal representative" is not limited to the concept of a person appointed as a representative of a probate estate. We disagree with this conclusion. This amendment to § 537.021 was one year after an amendment to § 472.010 by which "personal representative" was defined as an "executor or administrator." The term "personal representative" therefore continues to refer to those to whom letters testamentary or letters of administration have been issued in a probate estate.

Also pertinent to a discussion of the issue before this court is another part of the history of § 537.021. In 1993 the Missouri legislature amended § 537.021.1(1) to provide that the appointment of a personal representative "in only those cases involving loss chance of recovery or survival shall be made notwithstanding the time specified in section 473.070, RSMo...."[7] Even though Plaintiff contends that this 1993 amendment is not applicable to the instant case, the amendment is an indication that the legislature had intended the term "personal representative" under the earlier version of the statute to mean an administrator or executor appointed by the probate division of the circuit court. There would have been no need for that amendment if a "personal representative" under the earlier version had not meant a representative of a probate estate appointed under the time constraints of § 473.070.

It is also significant that this amendment to § 537.021 occurred after the *Sauter* case, which held that a determination of heirship was not the equivalent of an appointment as a "personal representative" under the survival statute. It was also after the *Howell* opinion which held that persons seeking to pursue a survival action have no standing to do so without having obtained letters testamentary or letters of administration within the time limits of § 473.070.

An amendment to a statute may be for the purpose of clarifying the meaning of the previously existing law. *Hogan v. Kansas City*, 516 S.W.2d 805, 811 (Mo.App.W.D. 1974). Also important to the instant case is the principle that in construing statutes to ascertain legislative intent, it is presumed that the legislature is aware of the interpretation of existing statutes placed upon them by the state appellate courts and that, in amending a statute or enacting a new one on the same subject, it is ordinarily the intent of the legislature to effect some change in the existing law. *Gross v. Merchants–Produce Bank*, 390 S.W.2d 591, 597 (Mo.App.W.D. 1965). It is reasonable to conclude, therefore, that the amendment to § 537.021 providing that the appointment of a personal representative beyond the time constraints of § 473.070 shall occur only with regard to suits filed under the survival statute for loss of a chance of recovery or survival was with knowledge of the *Sauter* and *Howell* cases. With that implied knowledge, the legislature did not amend the statute to indicate that the term "personal representative" referred to anyone other than a person to whom letters testamentary or of administration were granted in a decedent's probate estate within the time limit provided by § 473.070. Instead, it chose to authorize the appointment of a personal representative beyond the time specified in § 473.070 but only in those cases involving a lost chance of survival or recovery.

---

7. This was after *Wollen v. DePaul Health Center*, 828 S.W.2d 681 (Mo. banc 1992), in which a cause of action for a lost chance of recovery was recognized. In that case the Missouri Supreme Court held that such a cause of action must be brought under the survivorship statute, § 537.020, by "a personal representative of the decedent's estate." In that case plaintiff had

sued in her individual capacity. The court concluded that she might be able to amend her petition so as to state a cause of action by stating that she was bringing the suit under the survivorship statute "as the personal representative of decedent's estate, if she has or can qualify as such...." *Id.* at 686

We conclude, therefore, that under § 537.020 the trial court was correct in dismissing Plaintiff's suit because she was not appointed as the personal representative of her late husband's estate by the probate division of the circuit court. A different conclusion would require an amendment to § 537.020 or .021 which must be accomplished, if at all, by the legislature.

The judgment is affirmed.

PARRISH and CROW, JJ., concur.