Wayne & Nancy Grider v.
Jeffrey J. Tingle
Appeal No. SD28753
Plaintiffs' Exhibits

SCALE 1"=50'
F.B. # 183, #185

PLAINTIFF'S EXHIBIT

Lisa MARKHAM, Appellant,

v.

Romulo J. FAJATIN, M.D., Respondent.

No. ED 94201.

Missouri Court of Appeals,

Eastern District,
Division Two.

Sept. 14, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 26, 2010.

Application for Transfer Denied
Dec. 21, 2010.

Todd N. Hendrickson, Clayton, MO, for
Appellant.

Brent W. Baldwin, St. Louis, MO, for
Respondent.

**OPINION**

GEORGE W. DRAPER III, Judge.

Lisa Markham (hereinafter, "Appellant") appeals the trial court's dismissal of her "lost chance of survival" claim against Romulo J. Fajatin, M.D., SSM Healthcare St. Louis, Donald G. Phillips, D.O., and Thomas A. Schneider, II, M.D. (hereinafter and collectively, "Defendants"). Appellant raises one point on appeal. Only Romulo J. Fajatin, M.D. (hereinafter, "Respondent") filed a Respondent's brief. We affirm.

On April 4, 2000, Appellant's father, Elmer Lee Markham (hereinafter, "Decedent"), presented to Respondent complaining of right flank pain, which pain medication did not alleviate after three days. After conducting a straight leg raising test and asking Decedent to bend his leg, Respondent ordered a bone scan and X-ray, prescribed medication, and directed Decedent to return in thirty days. Later that evening, Decedent was admitted to St. Joseph's Health Center and died of a ruptured abdominal aortic aneurysm during emergency surgery.

Appellant filed suit on April 3, 2003, against Defendants in her individual capacity and as plaintiff ad litem pursuant to Section 537.021 RSMo (2000)[1] on behalf of Decedent. Specifically, Appellant filed an action for "lost chance of survival" pursuant to *Wollen v. DePaul Health Center*, 828 S.W.2d 681 (Mo. banc 1992), and for wrongful death pursuant to Section 537.080. In response, Defendants filed motions to dismiss Appellant's "lost chance of survival" claim against them as barred by the statute of limitations. Their motions asserted that an action for "lost chance of survival" must be filed within two years of the treatment and/or death of Decedent. The trial court granted these motions and subsequently ordered all claims for lost chance of recovery or survival be dismissed.

■ This Court reviews the dismissal of a claim as barred by the statute of limitations *de novo*. *Rickner v. Golfinopoulos*, 271 S.W.3d 32, 34 (Mo.App. W.D. 2008). In reviewing the dismissal, we must "read the petition broadly, construe it in favor of the plaintiffs, and not allow dismissal unless it is clear from the face of the petition that the action is barred by the statute of limitations." *Heidbreder v. Tambke*, 284 S.W.3d 740, 748 (Mo.App. W.D.2009); *see also Kennedy v. Microsurgery and Brain Research Inst.*, 18 S.W.3d 39, 42 (Mo.App. E.D.2000).

In her sole point on appeal, Appellant claims the trial court erred in dismissing her "lost chance of survival" action as untimely. Specifically, Appellant asserts the three-year statute of limitations for a wrongful death action should apply to a "lost chance of survival" action rather than the two-year statute of limitations for a medical malpractice action. Conversely, Respondent claims the trial court correctly dismissed Appellant's "lost chance of survival" claim because it was not brought within two years from the date of the alleged negligence.

In *Wollen*, the Missouri Supreme Court first recognized a cause of action for lost chance of recovery in medical malpractice cases. *Wollen*, 828 S.W.2d at 685. The Missouri Supreme Court described the cause of action as follows:

[T]he patient *does* suffer a harm when the doctor fails to diagnose or adequately treat a serious injury or disease. The harm suffered is not, however, the loss of life or limb. The harm is the loss of the chance of recovery. While, in the

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

end damages can only be expressed by multiplying the value of a lost life or limb by the chance of recovery lost, the proper place for such an inquiry is in the damages stage rather than in the liability/causation determination.

*Id.* at 684. A lost chance of recovery action could be filed as a survivorship action, but not as a wrongful death action. *Id.* at 686. The Missouri Supreme Court explained a lost chance of recovery action cannot be filed as a wrongful death action because "regardless of whether the lost chance of survival is greater than or less than 50%, it is impossible to prove that decedent's death resulted from the failure to properly diagnose and treat." *Id.* at 686; *see also* Section 537.080.

Section 537.021.1(1) RSMo (1989) originally provided:

The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:

(1) A personal representative of the estate of a person whose property is injured, or a person injured or a person entitled to maintain a wrong-

ful death action upon the death of any such person[.]

The Missouri Legislature amended Section 537.021.1(1) in 1993. The 1993 Amendments provided for the appointment of a personal representative or a plaintiff ad litem in a lost chance of recovery or survival action.[2] As amended, Section 537.021.1(1) provides, in pertinent part, the appointment of a personal representative "in only those cases involving loss chance of recovery or survival shall be made notwithstanding the time specified in section 473.050[sic], RSMo, for the exclusive purpose of pursuing a cause of action related to such injury or wrongful death." *Carter v. Pottenger*, 888 S.W.2d 710, 714 (Mo.App. S.D.1994). Additionally, Section 537.021.1(1) directs the court in a lost chance of recovery or survival action to "appoint a plaintiff ad litem at the request of the plaintiff or other interested persons delineated in section 537.080 and such person shall be entitled to the proceeds of such action." A plaintiff ad litem may maintain a lost chance of recovery or survival action instead of the personal representative, and a plaintiff ad litem may maintain the action as an alternative theory to any action under Section 537.080. Section 537.021.1(1) RSMo (1994).

■ Neither *Wollen* nor the 1993 Amendments establish the statute of limi-

---

**2.** The parties and the trial court used inconsistent terminology to refer to Appellant's cause of action, including "lost chance of survival," "lost chance of recovery," "lost chance of recovery or survival," and "lost chance of recovery and/or survival." The *Wollen* decision titled the cause of action as "lost chance of recovery." *Wollen*, 828 S.W.2d at 685. *Wollen* only used the term "survival" in describing the "statistical chance of survival" a patient loses when the doctor fails to diagnose or adequately treat a serious injury or disease; thus, giving rise to a lost chance of recovery action. *See Wollen*, 828 S.W.2d at 684–85. In amending Section

537.021.1(1), the Missouri Legislature titled the cause of action as "loss chance of recovery or survival." This Court presumes the Legislature intended to change the title of the cause of action. *See State v. Goebel*, 83 S.W.3d 639, 646 (Mo.App. E.D.2002)("When the legislature has altered an existing statute such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act."). Accordingly, this Court will refer to the cause of action as "lost chance of recovery or survival" pursuant to the statutory amendments following *Wollen*.

tations for a lost chance of recovery or survival action. However, *Wollen* described the lost chance of recovery or survival action as a "medical malpractice case [ ]." *Wollen*, 828 S.W.2d at 685. Section 516.105 provides:

> All actions against physicians, hospitals, ... and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of[.]

Hence, since a lost chance of recovery or survival action may be brought against physicians and hospitals for failure to diagnose or adequately treat a patient pursuant to the holding in *Wollen*, the two-year statute of limitations governs a lost chance of recovery or survival action.[3]

■ Despite *Wollen's* characterization of a lost chance of recovery or survival action as a medical malpractice case, Appellant nevertheless claims the three-year statute of limitations for a wrongful death action should govern. *See* Section 537.100. The crux of Appellant's argument is that the references in Section 537.021.1(1) to Section 537.080 convert a lost chance of recovery or survival action into a wrongful death claim. Appellant relies on the directive in Section 537.021.1(1) for the appointment of a plaintiff ad litem at the request of the plaintiff or other interested person delineated in Section 537.080. Appellant also relies on the characterization of a lost chance of recovery or survival action "as an alternative theory in any action under Section 537.080."

■ These references to Section 537.080 are insufficient to make a lost chance of recovery or survival action a wrongful death claim. First, Section 537.080 merely serves to define the class of persons who may request the appointment of a plaintiff ad litem. Second, Section 537.021.1(1) clearly describes a wrongful death action as an *alternative* theory to a lost chance of recovery or survival action, not as the same theory. Third, the causation required to support a lost chance of recovery or survival action differs from the causation required to support a wrongful death action. *See Wollen*, 828 S.W.2d at 686. "In wrongful death actions, plaintiffs must establish that, but for the defendant's actions or inactions, the patient would not

---

**3.** The Southern District held in *Caldwell v. Lester E. Cox Medical Centers–South, Inc.*, 943 S.W.2d 5 (Mo.App. S.D.1997), that a lost chance of survival action is a personal injury action that is barred after two years. *Caldwell*, 943 S.W.2d at 8. Appellant claims this holding must be repudiated, in part, because it relies upon the holding in *Smith v. Tang*, 926 S.W.2d 716 (Mo.App. E.D.1996), that "[a] lost chance of survival action is a personal injury action which belongs solely to the injured party...." *Tang*, 926 S.W.2d at 719 (*citing Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54, 55 (Mo.App. E.D.1990)). Specifically, Appellant alleges *Tang* erroneously relies upon *Sauter* in that *Sauter:* (1) was not a lost chance survival action, but rather was a survivorship action, and (2) was decided two years before the Missouri Supreme Court first recognized a lost chance of recovery action in *Wollen*. Appellant further claims this holding in *Tang* was dicta because the decisive issue was whether a pleading filed by the personal representative related back to a previous filing in her individual capacity. *See Tang*, 926 S.W.2d at 719 (holding plaintiff was not entitled to the protection of Section 516.230 RSMo (1994) because plaintiff as an individual and plaintiff as a personal representative were legally different plaintiffs). While *Tang* does appear to cite to *Sauter* for the proposition that a lost chance of recovery or survival action is a personal injury action, a citation to *Wollen* would lend greater precedential authority. Nevertheless, *Caldwell* reached the proper result, which established a two-year statute of limitations for a lost chance of recovery or survival action.

have died." *Sundermeyer v. SSM Reg'l Health Servs.*, 271 S.W.3d 552, 554 (Mo. banc 2008); *see also* Section 537.080. Conversely, in a lost chance of recovery or survival action, it is impossible to establish the patient would have recovered or survived but for the defendant's alleged failure to properly diagnose and treat the patient. *See Wollen*, 828 S.W.2d at 685. Accordingly, the two-year statute of limitations under Section 516.105 applies to lost chance of recovery or survival actions, rather than the three-year statute of limitations for wrongful death actions.

Finally, Appellant avers Missouri case law distinguishes between lost chance of recovery and lost chance of survival. Specifically, Appellant claims lost chance of recovery refers to cases resulting in injury, while lost chance of survival refers to cases resulting in death. Appellant further alleges a lost chance of recovery action should be governed by the two-year statute of limitations period under Section 516.105, and a lost chance of survival action should be governed by the three-year statute of limitations period under Section 537.100.

Appellant relies on *LaRose v. Washington University*, 154 S.W.3d 365 (Mo.App. E.D.2004) to support her argument. According to Appellant, *LaRose* is the "one of the few, if not the only, reported case involving a lost chance of recovery, as the most common injury in lost chance cases appears to be death." In *LaRose*, this Court used the term "lost chance of recovery" exclusively in considering whether there was sufficient evidence for the jury to find the plaintiff lost a fifty-seven percent chance of recovery due to the defendant's failure to diagnose her ovarian cancer. *LaRose*, 154 S.W.3d at 371. Conversely, Appellant claims the term "lost chance of survival" has been used consistently to reference those cases in which the patient died.

■ This Court recognizes the inconsistent terminology used by Missouri courts. However, we cannot support the proposition that a lost chance of recovery action involves only injury to the patient, whereas a lost chance of survival action involves the death of the patient. Missouri case law does not expressly distinguish between lost chance of recovery and lost chance of survival actions based on the outcome of the failure to diagnose or treat, nor are we willing to recognize a separate statute of limitations period based on this alleged distinction. As discussed above, the Missouri Supreme Court in *Wollen* characterized a lost chance of recovery action as a medical malpractice case, which is governed by the two-year statute of limitations period in Section 516.105. This precedent controls our decision unless the Missouri Legislature or the Missouri Supreme Court chooses to distinguish between lost chance of recovery and lost chance of survival actions and delineate them as separate. Appellant's point is denied.

The trial court's judgment is affirmed.

ROY L. RICHTER, C.J., and GLENN A. NORTON, P.J., concur.